UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
MECO SHAW,                                    :        CASE NO. 1:19CV875
                                              :
     Plaintiff,                              :
                                              :
vs.                                           :        OPINON & ORDER
                                              :
WARDEN KIMBERLY CLIPPER, *et al.*,            :
                                              :
     Defendants.                             :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Meco Shaw filed this *in forma pauperis* civil rights action on April 18, 2019, against the Ohio Department of Rehabilitation and Correction (ODRC), ODRC Director Gary Mohr, and Lorain Correctional Institution (LCI) Warden Kimberly Clipper. (Doc. No. 1). In his Complaint, Shaw alleges he is an inmate in joint custody of the Federal Bureau of Prisons and the ODRC, that his federal sentence expires in May, and that he will be transferred to LCI, where he contends he "will undoubtedly be subject to forced removal of his dreadlocks and/or disciplinary sanction" pursuant to Ohio Administrative Code § 5120-9-25(D). (*Id*. at 9, ¶ 17.) He seeks a declaration finding an application of § 5120-9-25(D) to him unlawful, and injunctive relief prohibiting the Defendants from cutting his dreadlocks.

Federal district courts are expressly required to screen all *in forma pauperis* actions and all complaints in which prisoners seek redress from governmental defendants, and dismiss before service any such action that the court determines fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Case No. 1:19CV875
Gwin, J.

To survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hill, 630 F.3d at 470-71 (holding "that the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B) and 1915A).

In addition, federal district courts have a duty to police the boundaries of their own jurisdiction. If any at time the court determines that it lacks jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

The Court finds that the Plaintiff's Complaint must be dismissed.

Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2. To demonstrate that a matter presented to a federal court meets this requirement, a plaintiff must demonstrate he has standing to bring his claims. To do so, a plaintiff must show, among other things, that he suffered an "injury in fact." *Kiser v. Reitz*, 765 F.3d 601, 607 (6th Cir. 2014). He must show he had suffered an injury at the time he filed his complaint that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.*, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The Plaintiff asserts he has "previously been to Ohio Department of Rehabilitation & Correction and [is] familiar with the § 5120-9-25(D) of the administrative code." (Doc. No. 1-1 at 2, ¶ 5.) This statement, however, is insufficient to demonstrate he suffered a concrete and particularized injury at the time he filed his Complaint. He has not alleged that § 5120-9-25(D) has been applied to him, or facts permitting an inference that an unlawful application of the statute to him is "certainly impending." *See Kiser*, 765 F.3d at 607. The Court finds the Plaintiff's action premature and subject to dismissal for lack of standing.

Case No. 1:19CV875
Gwin, J.

Further, even assuming the Plaintiff's allegations are enough to establish constitutional standing, federal courts have held that Ohio Administrative Code § 5120-9-25, which places restrictions on hair growth for inmates, is constitutional and not in violation of the Religious Land Use and Institutionalized Persons Act. *See, e.g., Pollock v. Marshall*, 845 F.2d 656 (6th Cir. 1988) (hair length regulation could be constitutionally applied to inmate, even assuming inmate held sincerely and genuinely held religious belief that hair was sacred and should not be cut); *Johnson v. Collins*, No. 3: 07 CV 211, 2009 WL 1543811, at *4 (N.D. Ohio June 2, 2009) (Ohio Administrative Code § 5120-9-25 did not violate the Religious Land Use and Institutionalized Persons Act as applied to a Rastafarian inmate who wanted to wear his hair in dreadlocks as part of his professed religious beliefs). Accordingly, the Plaintiff's Complaint is also subject to dismissal on the basis that it fails to state a plausible federal claim.

## Conclusion

Based on the foregoing, the Plaintiff's Complaint is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: July 16, 2019             *s/     James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE